Eric Edward Nord
CRIST, KROGH & NORD, PLLC
The Securities Building
2708 Second Avenue North, Suite 300
Billings, MT  59101
Telephone:  (406) 255-0400
Facsimile:   (406) 255-0697
Email:  enord@cristlaw.com

Emma L. Savory
HUSCH BLACKWELL LLP
1700 Lincoln St., Suite 4700
Denver, CO  80203
Telephone:  (303) 749-7200
Facsimile:   (303) 749-7272
Email:  emma.savory@huschblackwell.com

*Attorneys for Defendant St. Vincent Healthcare*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROXANNA JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>ST. VINCENT HEALTHCARE,<br><br>Defendant. | Cause No. CV-15-115-BLG-SPW<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant St. Vincent Healthcare ("St. Vincent") moves under Fed. R. Civ.

P. 56 for summary judgment in favor of St. Vincent on all of Plaintiff's claims.

DEN-110672-3

## I.    INTRODUCTION

St. Vincent employed Plaintiff as an Instrument Tech, responsible for cleaning and sterilizing surgical instruments and preparing instrument trays for surgery.  (Defendant's Statement of Undisputed Facts ("DSUF"), ¶¶ 5-6.)  Plaintiff made a series of quality mistakes and had performance issues.  (DSUF, ¶¶ 30-39.)  Because of the potential patient care and safety issues created by Plaintiff's quality errors, St. Vincent discharged Plaintiff.  (DSUF, ¶ 40.)   After her termination, Plaintiff filed a Charge of Discrimination ("Charge") alleging age and disability discrimination.  (DSUF, ¶ 43.)   The Montana Human Rights Bureau ("HRB") investigated the Charge and issued a no cause finding.  (DSUF, ¶ 45.)  Plaintiff appealed the HRB's finding to the Human Rights Commission ("HRC"), which upheld the no cause finding.  (DSUF, ¶ 46.)  Following the agencies' findings, Plaintiff filed the Complaint in this matter alleging disability discrimination, including a failure to accommodate claim, and retaliation under the Montana Human Rights Act ("MHRA") and the Americans with Disabilities Act ("ADA"). (Doc. 7.)

St. Vincent moves this Court for summary judgment on Plaintiff's claims because, first, Plaintiff failed to exhaust her administrative remedies as to her retaliation claim; second, Plaintiff cannot present evidence that she is a qualified individual with a disability; third, Plaintiff cannot present any evidence that the

2

legitimate business reason for the termination of her employment was pretext for discrimination; and finally, St. Vincent is not a covered employer under the MHRA.

## II.   STATEMENT OF FACTS

St. Vincent employed Plaintiff as an Instrument Tech.  (DSUF, ¶ 5.)  As an Instrument Tech, Plaintiff's job functions included disassembling, cleaning, disinfecting, sterilizing and storing procedure trays, surgical trays and equipment, assembling instrument case carts, and filling the needs of the Operating Room for supplies and surgical instruments.  (DSUF, ¶¶ 6-7.)  As trays of surgical instruments returned to the processing department, the Instrument Techs disassembled the trays, cleaned the instruments, sorted the instruments, assembled new instrument trays and sterilized the trays to send the trays to surgery.  *Id*. St. Vincent required all Instrument Techs to perform all of these functions, because, at times, an Instrument Tech may work alone on a weekend shift or may need to quickly respond to a request for a tray needed for an emergency surgery. (DSUF, ¶ 10.)

In October 2013, following receipt of a corrective action, Plaintiff presented St. Vincent with a note from her physician, Dr. Phillips, which read: "This patient has been classified as special needs and may require additional time to learn and perform certain tasks.  She also is a diabetic with a heart condition.  Please

DEN-110672-3

consider this when performing job evaluations." (DSUF, ¶¶ 14-16.) To better understand what type of accommodation, if any, St. Vincent could provide Plaintiff, St. Vincent arranged for an evaluation by another physician, Dr. Gumm. (DSUF, ¶ 17.) Dr. Gumm provided findings and the suggested accommodations for Plaintiff:

> 2.    The patient appears to have a relative strength in her nonverbal abilities. She might learn best by having things demonstrated to her, rather than explained to her orally. She might also need to have more repetition than the typical employee.
>
> 3.    The patient stated that there are some part [sic] of her work that she feels more confident in. She stated that she is not as confident in her skills regarding sterilization of instruments but there are other areas of her work that she is much more comfortable and confident with. She might be allowed to perform some areas of her job that she has more confidence in.
>
> 4.    The patient reports that she feels that she has a strained relationship with a new department manager. She might have a third party act as a mediator to ensure that communication is as effective as possible.

(DSUF, ¶ 18.)

Upon receipt of Dr. Gumm's report, St. Vincent implemented these requested accommodations. St. Vincent first appointed Annette Hoffman to act as a mediator to ensure effective communication between Plaintiff and her new department supervisor. (DSUF, ¶ 20.) Next, St. Vincent developed a retraining program to provide Plaintiff additional time to learn and complete the instrument trays, as recommended by Dr. Phillips, and to give her the opportunity to learn by

4

having the tasks demonstrated to her and to increase her confidence with respect to the instruments, as Dr. Gumm recommended. (DSUF, ¶¶ 22-23.) During the retraining program, over the course of six weeks, Plaintiff worked directly with her manager one-on-one to relearn the instrument trays. *Id.*

Plaintiff successfully completed the retraining program and indicated that she understood and could perform her job duties and responsibilities. (DSUF, ¶¶ 25-26.) Plaintiff testified that during the program she felt comfortable with and knew how to complete the instrument trays. (DSUF, ¶¶ 26-28.)

Even with the requested accommodations, Plaintiff failed to perform the essential functions of her position. On June 25, 2014, Plaintiff received a corrective action for mislabeling multiple instruments. (DSUF, ¶ 30.) On July 16, 2014, Plaintiff received a corrective action for insubordination for failing to follow her leader's instruction. (DSUF, ¶ 31.) Plaintiff admitted that she was assigned to work in the instrument area but instead switched job duties with another co-worker and went to the sterilizer operator area. (DSUF, ¶ 32.) On July 28, 2014, Plaintiff received another corrective action for mislabeling an instrument. (DSUF, ¶ 33.)

As a result of these corrective actions, Plaintiff developed a performance improvement plan indicating, among other things, that she would use reference materials, would double-check the labeling as needed, and would ask questions if she had them. (DSUF, ¶ 34.) In formulating her performance improvement plan,

DEN-110672-3

Plaintiff did not indicate that she needed any further accommodation with respect to her job requirements.  (DSUF, ¶ 35.)

Plaintiff's performance did not improve.  On August 17, 2014, Plaintiff entered a sterilized area of the hospital in street clothes, knowing that she should have taken the time to put on a sterilized gown and hairnet.  (DSUF, ¶ 36.)  On August 18, 2014, Plaintiff incorrectly labeled another instrument set and failed to put in a sterilization indicator as required.  (DSUF, ¶ 37.)  On August 19, 2014, Plaintiff failed to properly sterilize an instrument.  (DSUF, ¶ 38.)  Finally, on August 21, 2014, Plaintiff failed to place an instrument required for open heart surgery on a tray.  (DSUF, ¶ 39.)  Plaintiff's mistakes placed patient safety at issue and created safety concerns for the hospital.  (DSUF, ¶ 40.)  Accordingly, St. Vincent had no other option but to remove Plaintiff as an Instrument Tech. St. Vincent discussed transferring Plaintiff to another position, but Plaintiff did not express any interest in any open positions for which she was qualified.  (DSUF, ¶¶ 41-42.)

On October 9, 2014, Plaintiff filed a Charge with the HRB alleging age and disability discrimination.  (DSUF, ¶ 43.)  The HRB found no reasonable cause to believe unlawful discrimination occurred.  (DSUF, ¶ 45.)  Plaintiff objected to the HRB's decision to the HRC, which overruled her objection and dismissed the Charge against St. Vincent.  (DSUF, ¶ 46.)  Plaintiff filed this lawsuit in Montana

DEN-110672-3

Thirteenth Judicial District Court for Yellowstone County and St. Vincent properly removed the action to this Court.  (Doc. 7.)  The parties have conducted discovery and St. Vincent now moves this Court for Summary Judgment on Plaintiff's claims.

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is 'material' only if it could affect the outcome of the suit under the governing law."  *Alwood v. Ecolab, Inc.*, No. CV 14-101-BLG-SPW, 2016 WL 1451529, at *3 (D. Mont. Apr. 11, 2016).  A party opposing summary judgment may not "rest upon the mere allegations or denials of his pleading," but "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotation omitted).  The mere existence of a scintilla of evidence supporting Plaintiff's position is insufficient; there must be evidence on which the jury could reasonably find for Plaintiff.  *Id.* at 252.

DEN-110672-3

## IV.   ARGUMENT

### A.   <u>Plaintiff Failed to Exhaust the Administrative Remedies on Her Alleged Retaliation Claim.</u>

To maintain a retaliation claim under the ADA and MHRA, the complainant must exhaust her administrative remedies.  *See McWilliams v. Latah Sanitation, Inc.*, 149 Fed. App'x 588, 589 (9th Cir. 2005); *Dupuis v. Bd. of Trustees*, 128 P.3d 1010, 1013-14 (Mont. 2006).  "[A] plaintiff who complains of more than one discriminatory or retaliatory act must timely exhaust administrative remedies as to each."  *Finley v. Salazar*, No. 11-142-M-DWM-JCL, 2013 WL 1209940, at *2 (D. Mont. Mar. 25, 2013).  "[A]llegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge."  *Hurst v. City of Los Angeles*, 171 Fed. App'x 103, 104 (2006) (quotation omitted); *see also Chang v. Kamehameha Schs.*, 81 Fed. App'x 685, 687 (9th Cir. 2003).  Where Plaintiff alleges a claim distinct from the category of discrimination in the EEOC charge that was not raised during the administrative process, the claim must be dismissed.  *Hurst*, 171 Fed. App'x at 104.

Plaintiff's Complaint alleges that St. Vincent "retaliated against Plaintiff for her protected activity," but does not describe any alleged protected activity. (Doc. 7, p. 3, ¶ 7.)  In her Charge of Discrimination, Plaintiff did not check the box for "retaliation."  (DSUF, ¶¶ 43-44.)  Plaintiff's Charge of Discrimination made no

DEN-110672-3

mention of retaliation or any protected activity. *Id.* During Plaintiff's deposition, she did not identify what protected activity she engaged in. (DSUF, ¶ 47.) Accordingly, Plaintiff failed to exhaust administrative remedies on her retaliation claim.

**B.    Plaintiff's Disability Discrimination Claim, Including Her Failure to Accommodate Claim, Fails as a Matter of Law.**

1.    Legal Standard for a Disability Discrimination Claim.

In order to state a *prima facie* case of disability discrimination or a failure to accommodate claim, Plaintiff must show that: (1) she is disabled; (2) she was otherwise qualified and can perform the essential functions of the job with or without a reasonable accommodation; and (3) St. Vincent denied her continued employment because of her disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *Samper v. Providence St. Vincent Medical Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (ADA failure to accommodate claim).

A qualified individual with a disability is one "who satisfies the requisite skills, experience, education and other job-related requirements of the employment position such individual holds" *and* "who, with or without reasonable accommodation, can perform the essential functions of such position." *Johnson v. Bd. of Trs. of Boundary Cty. Sch. Dist. No. 101*, 666 F.3d 561, 565 (9th Cir. 2011); *Samper*, 675 F.3d at 1237; *Alwood*, 2016 WL 1451529, at *4 ("It is the employee's burden to prove that [she] can perform the essential job functions for a position in

9

order to establish [she] is a qualified person."). "If, even with a reasonable accommodation, a person is unable to perform the essential job functions, [she] is not a qualified person." *Alwood*, 2016 WL 1451529, at \*4; *Pannoni v. Bd. of Trs.*, 90 P.3d 438, 444 (Mont. 2004). Plaintiff cannot prove that she could perform the essential functions of the Instrument Tech position, with or without an accommodation.

If Plaintiff establishes her *prima facie* case, then the burden shifts to St. Vincent to provide a non-discriminatory reason for the discharge, and after St. Vincent provides such reason, the burden shifts back to Plaintiff to show that St. Vincent's reason for termination was pretext for disability discrimination. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001).

For the purposes of this summary judgment motion, St. Vincent accepts Plaintiff's claim of disability. Plaintiff, however, cannot establish the second element of her *prima facie* case—that she was a qualified individual—because she could not perform the essential functions of her job, with or without an accommodation. Accordingly, her disability claim fails. Even if Plaintiff had evidence to establish her *prima facie* case, which she does not, Plaintiff presents no evidence that St. Vincent's legitimate reason for her termination was a pretext for discrimination. Plaintiff cannot bring her MHRA claims against St. Vincent, as discussed in Section C below; even if Plaintiff's MHRA claims proceed, however,

10

Plaintiff's MHRA disability discrimination claim fails for the same reasons Plaintiff's ADA discrimination claim fails. *See BNSF Ry. Co. v. Feit*, 281 P.3d 225, 228 (Mont. 2012) (Montana courts look to guidance from the federal ADA to construe the MHRA).

> 2.  Plaintiff Fails to State a *Prima Facie* Case of Disability Discrimination Because Plaintiff Was Not Qualified to Perform the Essential Functions of the Instrument Tech Position.

"A 'qualified individual with a disability' is a person 'with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment that such individual holds.'" *Mutchie v. TVX Mineral Hill, Inc.*, No. CV 96-81-BLG-RWA, 1998 WL 1157404 at *1 (D. Mont. Nov. 16, 1998) (quoting 42 U.S.C. § 12111(8)). The "essential functions" of a position are the "fundamental job duties." 29 C.F.R. § 1630.2(n)(1).

A "reasonable accommodation" requires "modifications or adjustments" to the work environment "*that enable* a qualified individual with a disability to perform the essential functions of that position." *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 417 (2002) (quotation omitted). The ADA does not require an employer to exclude an employee from performing essential functions of the position or reallocate essential functions to other employees. *Puletasi v. Wills*, 290 Fed. App'x 14, 18 (9th Cir. 2008). The ADA does not require employers to create a new position to accommodate a disabled employee. *Wellington v. Lyon Cnty. Sch.*

11

*Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999).  Further, employers are not required to lower their production standards as a reasonable accommodation.  *Kelley v. Amazon.com, Inc.*, No. 12-CV-5132-TOR, 2013 WL 6119229, at *9 (E.D. Wash. Nov. 21, 2013); U.S. Equal Emp't Opportunity Comm'n, *The Americans With Disabilities Act: Applying Performance and Conduct Standards to Employees with Disabilities,* available at http://www.eeoc.gov/facts/performance-conduct.html (stating "[a]n employee with a disability must meet the same production standards, whether quantitative or qualitative, as a non-disabled employee in the same job.").

Plaintiff cannot present any evidence that she was a qualified individual because she was not able to perform the essential functions of the Instrument Tech position, even with reasonable accommodations.

> a.    *The Essential Functions of Plaintiff's Position Included Preparing Instrument Trays.*

Plaintiff cannot dispute that Instrument Techs were required to assemble instrument trays as an essential function of their position.  During her deposition, Plaintiff acknowledged that the Instrument Tech job description laid out the functions of her position.  (DSUF, ¶¶ 6-8.)  Plaintiff also explained that St. Vincent required all Instrument Techs work in all of the areas in the department, and acknowledged that the instrument trays were "100 percent" of the Instrument Techs' job duties.  (DSUF, ¶ 12.)  Plaintiff could not perform this essential

12

function of the position and admitted she struggled with instrumentation and completing the instrument trays.  (DSUF, ¶ 13.)

        b.     *St. Vincent Provided Plaintiff Reasonable Accommodations.*

After receiving the note from Plaintiff's physician and the recommendations from Dr. Gumm, St. Vincent provided Plaintiff reasonable accommodations to enable Plaintiff to perform the essential functions of the position.  St. Vincent provided Plaintiff a one-on-one, six-week retraining program and a mediator to help her communicate with her manager.  (DSUF, ¶¶ 20, 22-23.)  Plaintiff freely accepted these and never requested additional accommodations.  (DSUF, ¶¶ 21, 24.)

Plaintiff successfully completed the retraining program, indicating that she could perform the essential functions of the position and that she did not require any additional accommodation.  (DSUF, ¶ 29.)  Plaintiff testified that during the retraining program, she felt comfortable with all of the trays and that she knew how to do the trays.  (DSUF, ¶ 26.)  She testified that she understood how to put the instruments on the trays properly.  (DSUF, ¶ 28.)  Also, after the retraining program, Plaintiff did not seek any additional accommodations.  (DSUF, ¶ 29.)

        c.     *Plaintiff Had Performance Issues and Could Not Perform the Essential Functions of the Position.*

Accordingly, even after demonstrating that she could perform the functions of the instrumentation area during the retraining process, Plaintiff continued to

13

make quality mistakes on the instrument trays and continued to have performance issues that resulted in discipline.  (DSUF, ¶¶ 30-39.)  Plaintiff did not seek any other accommodation to help her perform job duties.  (DSUF, ¶¶ 29, 35.) Given these mistakes, Plaintiff was not qualified to perform the essential functions of her position.  *Alwood*, 2016 WL 1451529, at *4 ("If, even with a reasonable accommodation, a person is unable to perform the essential job functions, he is not a qualified person."); *see also*, *Neview v. D.O.C. Optics Corp.*, 382 Fed. App'x 451, 458 (6th Cir. 2010) ("[A]n employer may legitimately fire an employee for conduct, even conduct that occurs as a result of a disability, if that conduct disqualified the employee from his or her job." (alteration in original)); *Maes v. Henderson*, 33 F. Supp. 2d 1281, 1288 (D. Nev. 1999) ("[I]f a disabled employee engages in misconduct, an employer may terminate or discipline that employee without incurring liability" under the ADA.).

        d.     *Plaintiff's Social Security Disability Income Application Further Demonstrates Plaintiff Is Not "Qualified Individual."*

The Supreme Court recognized that a "plaintiff's sworn assertion in an application for disability benefits that she is, for example, "unable to work" will appear to negate an essential element of [plaintiff's] ADA case—at least if [plaintiff] does not offer a sufficient explanation." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).  To defeat summary judgment, Plaintiff's explanation "must be sufficient to warrant a reasonable juror's concluding that,

DEN-110672-3

assuming the truth of, or plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" *Id.*

Here, Plaintiff can offer no such explanation. *See Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1209 (10th Cir. 2011) (Plaintiff was judicially estopped from taking the position that he was qualified for the position). After Plaintiff's termination from employment, she filed for Social Security Disability Income ("SSDI"). In her application for SSDI, Plaintiff stated, under oath, "I became unable to work because of my disabling condition on August 26, 2014." (DSUF, ¶ 48.)

3.     <u>Plaintiff Fails to Present Evidence that St. Vincent's Legitimate, Non-Discriminatory Reason for Her Discharge is Pretextual.</u>

Even if, viewing the evidence in the light most favorable to Plaintiff, Plaintiff establishes her *prima facie* case, St. Vincent has a legitimate, non-discriminatory reason for the termination of Plaintiff's employment and Plaintiff cannot offer any evidence to show such reason is pretext. Plaintiff bears the burden of showing that St. Vincent's reason for termination from employment was pretextual. *Snead*, 237 F.3d at 1093. Unless Plaintiff proves that St. Vincent's explanation for her discharge was a pretext for disability discrimination, she has not presented a triable issue under the ADA. *Id.*

15

Here, St. Vincent terminated Plaintiff's employment for a series of performance mistakes, including serious quality errors. (DSUF, ¶¶ 30-39.) During her deposition, Plaintiff acknowledged making the mistakes for which she received discipline. *Id.* These mistakes, as Plaintiff acknowledged, could have seriously impacted patient care and safety. (DSUF, ¶ 40). Plaintiff cannot set forth any evidence to claim that St. Vincent's reason for termination was pretext for discrimination.

## C.   Plaintiff's Montana Human Rights Act Claims Fail as a Matter of Law.

Plaintiff alleges St. Vincent is an employer subject to the MHRA. (Doc. 7, p. 2, ¶ 6.) The MHRA defines "employer" as the employer of "one or more persons or an agent of the employer but does *not* include a fraternal, charitable, or religious association or corporation if the association or corporation is not organized either for private profit or to provide accommodations or services that are available on a nonmembership basis." MCA § 49-2-101(11) (emphasis added).

St. Vincent is a corporation that is not organized for private profit. (DSUF, ¶¶ 3-4.) St. Vincent is a charitable corporation. *Id.* Accordingly, Plaintiff's MHRA claims against St. Vincent fail.

16

## V.     CONCLUSION

St. Vincent respectfully requests that this Court grant its Motion for Summary Judgment because Plaintiff's MHRA claim, retaliation claim, and ADA disability claim fail as a matter of law.

DATED this 28th day of October, 2016.

Respectfully submitted,

CRIST, KROGH & NORD, PLLC


By:  */s/ Eric Edward Nord*
         Eric Edward Nord

HUSCH BLACKWELL LLP


By:  */s/ Emma L. Savory*
         Emma L. Savory

*Attorneys for Defendant St. Vincent Healthcare*

17

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the foregoing document complies with the 6,500 word limit, and in reliance on Microsoft Word Count, the document contains 3,481 words, excluding the caption and certificates of compliance and service.

Dated this 28th day of October 2016.

CRIST, KROGH & NORD, PLLC


By: */s/ Eric Edward Nord*
　　Eric Edward Nord

HUSCH BLACKWELL LLP


By: */s/ Emma L. Savory*
　　Emma L. Savory

*Attorneys for Defendant St. Vincent Healthcare*

DEN-110672-3

# CERTIFICATE OF SERVICE

I hereby certify that on the 28st day of October, 2016, a copy of the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served on the following persons by the following means:

| 1, 2 | CM/ECF |
|---|---|
| | Hand Delivery |
| | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1.   Clerk, U.S. District Court

2.   Eric E. Holm
     Sather & Holm, PLLC
     2301 Montana Ave., Ste. 202
     P.O. Box 1115
     Billings, MT 59103
     eric@satherandholm.com

By: /s/ *Mischelle Mayer*
    Legal Support Team Specialist

DEN-110672-3